THE STATE OF KANSAS, *ex rel. Fred S. Jackson, as Attorney-general,* v. J. H. WILCOX.

No. 15,810.    (97 Pac. 872.)

OFFICE AND OFFICERS—*Forfeiture—Neglect of Duty—Intoxicating Liquors.* A judgment of ouster was rendered against a mayor who neglected to notify the county attorney of known violations of the prohibitory liquor law or make a *bona fide* attempt to enforce the law, and who sanctioned the imposing of fines upon the joint-keepers at regular intervals as a means of raising revenue for the city.

Original proceeding in *quo warranto.* Opinion filed July 3, 1908. Judgment for plaintiff.

*Fred S. Jackson,* attorney-general, *John S. Dawson,* and *Charles D. Shukers,* assistant attorneys-general, for The State.

*Joseph P. Rossiter,* for defendant.

*Per Curiam:* This action was brought by the attorney-general in the name of the state to oust J. H. Wilcox from the office of mayor of Coffeyville for failure

and neglect of official duty in the enforcement of the law relating to the sale of intoxicating liquors and the keeping of gambling-houses. It was alleged that defendant had failed and neglected to notify the county attorney of violations of the prohibitory liquor law or to furnish the names of witnesses by whom such violations could be proved, and that, in coöperation with other officers of the city, he had purposely assisted in imposing and collecting license-taxes on the business of illegally selling and keeping for sale intoxicating liquors within the city under the pretense of imposing fines. In his answer the defendant denied all of the charges made by the attorney-general.

Much testimony has been taken in the case which shows that during the term of Mayor Wilcox, and until about the time this proceeding was brought, saloons and joints where intoxicating liquors were unlawfully sold were in open operation in the city. There is some conflict in the testimony, but after a careful reading and consideration of the same we are satisfied that the unlawful traffic in intoxicating liquors was carried on with the knowledge and consent of the mayor and other officers of the city, and with the understanding that upon the payment of pretended monthly fines of fixed amounts the joint-keepers would be permitted to operate free from interference by the city officers. These fines were regularly collected by the officers of the city and paid into the city treasury, and until shortly before the commencement of this action the joint-keepers were given the immunity and protection which the payments were intended to secure to them. The mayor appears to have proceeded on the theory that he was justified in following this course so long as the wide-open policy was in vogue in the county.

It is the finding of the court that the defendant did not give the county attorney notice of known violations of the law prohibiting the sale of intoxicating liquors, nor make a *bona fide* attempt to enforce the law, as his duty and the obligations of the law required; that the

system of imposing fines was adopted as a means of obtaining public revenue for the city from the traffic, and, further, that it was carried on with the sanction and concurrence of the defendant. The finding and decision is that he has forfeited the office of mayor of Coffeyville, and a judgment of ouster is rendered in accordance with the prayer of the plaintiff's petition.